**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANA LUCIA ALVARADO GONZALEZ, | No. 12-70765 |
| Petitioner, | Agency No. A072-398-694 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 10, 2015[**]

Before:      FARRIS, WARDLAW, and PAEZ, Circuit Judges.

Ana Lucia Alvarado Gonzalez, a native and citizen of Guatemala, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing her

appeal from an immigration judge's ("IJ") decision denying her application for

withholding of removal and protection under the Convention Against Torture

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We grant the petition for review, and we remand.

Alvarado Gonzalez testified that she witnessed her cousin being kidnaped by persons later identified as members of the national police, and that his body was later found with signs that he had been tortured. She also testified the national police raped and abused her the year after her cousin's murder.

In denying Alvarado Gonzalez's withholding of removal claim, the BIA found Alvarado Gonzalez failed to establish a nexus to a protected ground. When the IJ and BIA issued their decisions in this case, they did not have the benefit of this court's decisions in *Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc), *Cordoba v. Holder*, 726 F.3d 1106 (9th Cir. 2013), and *Pirir-Boc v. Holder*, 750 F.3d 1077 (9th Cir. 2014), or the BIA's decisions in *Matter of M-E-V-G-*, 26 I. & N. Dec. 227 (BIA 2014), and *Matter of W-G-R-*, 26 I. & N. Dec. 208 (BIA 2014). Thus, we remand Alvarado Gonzalez's withholding of removal claim to determine the impact, if any, of these decisions. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam). In light of this remand, we do not reach Alvarado Gonzalez's remaining challenges to the agency's denial of her withholding of removal claim.

12-70765

Finally, we also remand Alvarado Gonzalez's CAT claim because the BIA did not consider the national police's rape and abuse of Alvarado Gonzalez in evaluating her claim. *See Edu v. Holder*, 624 F.3d 1137, 1145 (9th Cir. 2010) (explaining the "BIA must consider all evidence in deciding whether it is more likely than not that the alien would face future torture," and that "the existence of past torture is ordinarily the principal factor on which we rely.") (internal quotation and citation omitted), *see also Ventura*, 537 U.S. at 16-18.

**PETITION FOR REVIEW GRANTED; REMANDED**.